# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH MILLS #103833** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 09-7453** |
| **STATE OF LOUISIANA** | * | **SECTION: "F"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DENIED.**

## PROCEDURAL HISTORY

Petitioner, Kenneth Mills, was a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, at the time this petition was filed, where he was serving a mandatory life sentence, without benefit of probation or suspension of sentence, having been convicted on October 20, 1994, of knowingly and intentionally possessing heroin with

intent to distribute, in violation of La. R.S. 40:966A.[1] He has subsequently been released on

parole.[2] Mills appealed his conviction and sentence to the Louisiana Court of Appeal, Fifth

Circuit, arguing that the trial court erred in denying the motion to suppress confession and

evidence; the prosecution deceived the jury with regard to the amount and value of the heroin

involved; and, insufficiency of the evidence used to convict.[3] His conviction was affirmed

on November 15, 1995, although the court amended his life sentence to give him credit for

time served and remanded the case with instructions for the trial court to notify petitioner of

---

[1]/State Record volume 3 (hereinafter State Rec. vol. __),  Jury Verdict Form and Trial Transcript dated October 20, 1994 at p. 220 in *State v. Mills*, Case No. 94-587 "I", 24th Judicial District Court, Parish of Jefferson.

The court notes that there is a conflict between the sentencing transcript, which indicates petitioner's sentence was to be served without benefit of probation or suspension of sentence, see State Rec. volume 3, Transcript of Sentencing dated February 6, 1995 at p. 2, and a minute entry issued that same date, February 6, 1995, which indicated that petitioner's sentence was to be served without benefit of parole, probation or suspension of sentence. See Minute Entry dated February 6, 1995, State Rec. vol. 10, attached to Mills' Writ application in 08-KH-1267 as exhibit "D".  Under state law, where there is a discrepancy between the minutes and the transcript, the transcript must prevail.  *State v. Lynch*, 441 So.2d 732 (La. 1983). Yet it does not appear from the record that this argument was ever made to the state court judge, despite several motions to correct an illegal sentence being filed.  At the time petitioner was convicted, state law provided a mandatory penalty of life imprisonment without benefit of probation or suspension of sentence for Mills' crime.

[2]/Mills notified the court of a recent change of address.  Subsequent to the filing of the instant federal habeas petition, he apparently was released by the Parole Board on supervised parole for life.  (A copy of the Department of Correction's Master Record and a "Certificate of Parole" has been entered into the record for this matter.) Whether a petitioner is "in custody" is determined based upon the date on which the habeas petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985).  Additionally, because parole supervision still imposes a significant restraint upon Mills' liberty, he is still "in custody" for jurisdiction purposes under 28 U.S.C. §2254(b)(1).  See *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

[3]/State Rec. vol. 3 contains a copy of petitioner's brief on appeal.

the time limitations within which to bring post-conviction applications.[4] Mills filed a request for review via writ of certiorari with the Louisiana Supreme Court, which was denied on April 19, 1996.[5] A subsequent writ of certiorari to the U.S. Supreme Court was denied on October 7, 1996.[6]

Next, Mills applied for post-conviction relief (PCR) in the state courts, filing his first PCR application on January 14, 1997. The trial court denied part of the petition on March 17, 1997 and the remainder of petitioner's claims on April 29, 1997.[7]  Review of these rulings was sought from the Louisiana Court of Appeal, Fifth Circuit on May 23, 1997.  That court denied relief on May 27, 1997, finding no error in the district court's ruling.[8]  Mills then sought review at the Louisiana Supreme Court in No. 97-KH-1664, which was denied by the court on January 16, 1998.[9]

On March 3, 1998, petitioner Mills filed a petition for habeas corpus relief in the United States District Court, Eastern District of Louisiana in Case No. 98-0837.[10] On August

---

[4]/See *State v. Mills*, 665 So.2d 489 (La. App. 5th Cir. 11/15/95)(No. 95-KA-359); State Rec. vol. 6 contains a copy of the unpublished opinion on appeal.

[5]/*State v. Mills*, 671 So.2d 924 (La. 4/19/96)(No. 95-K-3009). A copy of this decision is located in State Rec. vol. 6.

[6]/*Mills v. Louisiana*, 519 U.S. 883, 117 S.Ct. 213, 136 L.Ed. 2d 147 (1996).

[7]/The PCR application and the trial court judgments are located in State Rec. vols. 6 and 7.

[8]/A copy of this decision, No. 97-KH-498, is located in State Rec. vol. 9.

[9]/*State ex rel. Mills v. State,* 707 So.2d 51  (La. 1/16/98) ( No. 97-1664).

[10]/A copy of this petition can be found in State Rec. Vol. 6.

3

31, 1999, the district court denied the petition on the merits, finding that the petitioner had failed to show that he was entitled to habeas corpus relief. *Mills v. Cain*, 1999 WL 681385 (E.D. La. 8/31/99). A "Certificate of Appealability" was denied by the United States Court of Appeals for the Fifth Circuit on March 13, 2000.[11]

On May 11, 1999, Mills, through counsel, filed a second application for post-conviction relief in the 24th Judicial District Court, which was denied on June 22, 1999.[12] On June 29, 1999, the petitioner filed a third application for post-conviction relief in the 24th Judicial District Court, which was denied on July 12, 1999.[13]

On March 15, 2001, the district court, in open court, denied another application for post-conviction relief and a motion to amend sentence filed by petitioner.[14] On June 7, 2001, petitioner, through counsel, sought review of that ruling at the Louisiana Court of Appeal, Fifth Circuit in No. 01-KH-614, but the application was refused as untimely on June 27, 2001.[15] On June 14, 2002, the Louisiana Supreme Court reviewed this decision and denied relief in No. 01-KP-2226.[16]

---

[11]/See Fed. Rec. Doc. 15, in 98-CV-0837, U.S.Dist.Ct., EDLA.

[12]/A copy of this decision can be located in State Rec. vol. 7.

[13]/A copy of this decision can be located in State Rec. vol. 7.

[14]/See Minute Entry dated 03/15/2001 in State Rec. vol. 7.

[15]/*State v. Mills*, (No. 01-614) (La. App. 5 Cir. 6/27/01), (unpublished order). A copy of this decision is located in State Rec. vol. 7.

[16]/*State v. Mills*, 817 So.2d 1152 (La. 6/14/02) (No. 01-2226).  A copy of this decision is located in State Rec. vol. 7.

In September 2002, the petitioner, through counsel, filed a motion to reconsider sentence in the 24th Judicial District Court.[17] On February 6, 2003, petitioner's counsel filed a memorandum in support of his motion, which was denied on February 11, 2003.[18] However, in open court on March 28, 2003, the district court granted the petitioner's motion to reconsider sentence, vacated the prior life sentence and resentenced him to imprisonment at hard labor for a term of 30 years with credit for time served.[19] On January 16, 2004, the district court denied the State's motion to correct illegal sentence filed December 22, 2003.[20] On March 10, 2004, the State sought review of the district court's ruling at the Louisiana Court of Appeal, Fifth Circuit, in Writ 04-KH-260. On April 12, 2004, the court of appeal granted the State's application, found that the trial judge lacked the authority to amend or modify petitioner's sentence, and vacated the ruling of the district court reducing petitioner's sentence.[21] Specifically, the court of appeal ruled that the trial judge's ruling and resentencing of March 28, 2003 was "without legal effect".[22]

---

[17]/Although the date is difficult to determine with certainty, the document appears to be dated September 24, 2002. See State Rec. vol. 7 for a copy of the application.

[18]/State Rec. vol. 8 contains a copy of the memorandum and decision. The basis of the motion to reconsider sentence was that Mills was entitled to a sentence reduction in light of La. Acts 2001, no. 403, §4.

[19]/See Order dated 03/28/03 and Transcript dated 03/28/03 at pp. 3-4, both in State Rec. vol. 8.

[20]/See Transcript of Proceedings dated January 16, 2004 at p. 3, State Rec. vol. 8.

[21]/*State v. Mills*, (No. 04-KH-260) (La. App. 5th Cir. 4/12/04). A copy of this decision can be located in State Rec. vol. 8.

[22]/ *Id.*

On June 18, 2004, the trial court "took up the motion to correct illegal sentence" filed by the state, and ordered that the motion was moot. The court then ordered that the petitioner's previous sentence "be in effect".[23] On September 27, 2004, Mills once again filed a motion to correct illegal sentence.[24] The motion was set for hearing on December 10, 2004 and later repeatedly continued to March 4, 2005, April 1, 2005 and July 29, 2005. On April 1, 2005, petitioner, with counsel, also filed a motion to reconsider sentence.[25] According to a minute entry dated July 29, 2005, both the motion to correct illegal sentence and the motion to reconsider sentence were continued without date at petitioner's request. Additional hearing dates were set and re-set, until on April 20, 2007, petitioner filed a supplemental memorandum in support of correcting an illegal sentence. The matter was set for hearing for April 20, 2007 then re-set for August 17, 2007, September 28, 2007, and finally, November 9, 2007.[26]

Meanwhile, petitioner applied to the Central Louisiana Risk Review Panel (CLRRP) of the Louisiana Department of Corrections, pursuant to LSA-R.S. Stat. 15:574.22, seeking to have his mandatory life sentence reduced by the more lenient penalty provisions of Act 403 of the 2001 Regular Session of the Legislature, as later amended by 2003 La. Acts 1231,

---

[23]/See Minute Entry dated June 18, 2004 in State Rec. vol. 8.

[24]/A copy of this motion can be located in State Rec. vol. 8.

[25]/See Minute Entry of April 1, 2005, State Rec. vol. 9.

[26]/See Supplement to Motion to Correct Illegal Sentence and Minute Entry dated April 20, 2007, State Rec. vol. 9. See also Minute Entries dated August 17, 2007 and September 28, 2007.

2005 La. Acts No. 45, and 2006 Louisiana Acts No. 45.[27]  On April 28, 2006, however, the

CLRRP voted to deny Mills relief, on the ground that he was a fourth felony offender.[28]

On November 9, 2007, the trial court held a hearing on petitioner's motion to correct

illegal sentence.[29] The court then "sentenced the Defendant to imprisonment at hard labor for

a term of life in prison", with credit for time served and to be served without benefit of

probation or suspension of sentence.  The prohibition for parole was specifically omitted by

the trial court.  At that time, the trial judge stated:

> I am going – I think you are correct in that there is an illegal
> sentence.  I am going to correct it which I think is all that I have
> the authority to do.  I am going to now sentence him to life in
> prison without benefit of probation or suspension of sentence."[30]

---

[27]/In 2001 La. Acts 403, §4, the legislature reduced the penalty for the distribution of heroin or possession with intent to distribute heroin from life imprisonment to a term of imprisonment at hard labor for not less than five years nor more than fifty years, at least five years of which must be served without benefit or probation or suspension of sentence.  See LSA-R.S. 40:966B(1)(2002). This act became effective on June 15, 2001. In addition, 2001 La. Acts 403 also enacted La. R.S. 15:574.22, which created the Louisiana Risk Review Panel, a body that could make non-binding recommendations for prisoner clemency and/or parole. The Act further provided, in Section 6, that its provisions shall have *prospective* effect only and excluded from consideration those convicted of many narcotic offenses, including violations of LSA-R.S..40:966A(1), the offense of which Mills is convicted. The Act was amended in 2003 and 2005 to make an exception for a drug offender who was not a habitual offender based upon a crime of violence or had not been convicted of a sex offense to be considered for sentence reduction. In 2006, the legislature enacted LSA-R.S.15:308, pursuant to 2006 La. Acts No. 45.  LSA-R.S.15:308 set forth additional ameliorative penalty provisions, made the sentencing provisions retroactive, and allowed additional classes of offenders to apply for relief to the Louisiana Risk Review Panel, including those convicted pursuant to LSA-R.S.. 40:966A.

[28]/See April 28, 2006 decision of the Central Louisiana Risk Review Panel in State Rec. vol. 9.

[29]/See Minute Entry dated November 9, 2007 in State Rec. vol. 8.

[30]/See State Rec. vol. 10, Transcript of proceedings dated November 9, 2007 at p. 9.

Mills' attorney, Joseph Raspanti, then made an oral request for the sentence to be reconsidered which was denied.[31] No appeal of this resentencing by the state district judge was taken by either party.

However, on February 11, 2008, petitioner filed a post-conviction application, seeking an out-of-time appeal so that he could raise three substantive claims. The application was denied as untimely on February 15, 2008.[32] An appeal of this decision was taken to the Louisiana Court of Appeal, Fifth Circuit and said court denied the application on May 5, 2008, finding that the trial court had correctly denied the post-conviction application as untimely filed.[33] The Louisiana Supreme Court subsequently denied relief on August 12, 2009.[34]

On or about November 3, 2009,[35] Mills filed the instant action, his second federal

---

[31]/*Id.*

[32]/A copy of the post-conviction application is located in State Rec. vol. 9. Petitioner raised the claims that he received ineffective assistance on appeal in that his lawyer failed to timely file an appeal; that his sentence was excessive; and, that his sentence was unconstitutional and invalid in light of the enactment of LSA-R.S. 15:308. A copy of the decision denying the application as untimely is located in State Rec. vol. 9.

[33]/ A copy of this decision, in No. 08-KH-244, can be located in State Rec. vol. 10. The Louisiana Court of Appeal, Fifth Circuit writ application can be located in State Rec. vol. 10 and is labeled Exhibit 3, an attachment to Mills' Louisiana Supreme Court writ.

[34]/*State ex rel. Mills v. State*, 17 So.3d 369 (La. 8/12/09)(No. 2008-KH-1267). A copy of this decision is located in State Rec. vol. 8. The writ application is located in State Rec. vol. 10.

[35]/The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132, 110 Stat. 1220 (hereinafter AEDPA), when submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman*

habeas corpus application. On February 22, 2010, the case was transferred from this court to the U.S. Court of Appeals, Fifth Circuit, under the authority of 28 U.S.C. §1631, for a determination of whether petitioner was authorized under 28 U.S.C. 2254 to file a second or successive petition in the district court.[36]  On May 19, 2010, the U.S. Fifth Circuit denied the motion for authorization to file a second or successive §2254 application as "unnecessary", finding that, "Because Mills intends to challenge events pertaining to his resentencing, which occurred after his prior federal application was denied, his proposed federal habeas application is not a 'second or successive' application."[37]

In his federal petition currently before the court, Mills raises the following issues:

1) The state courts erred when they failed to grant petitioner's post-conviction relief application requesting an out of time appeal;

2) The state appellate judge should have recused herself from ruling on petitioner's writ application in Writ No. 08-KH-244.

3) Petitioner was denied the right to the effective assistance of counsel on appeal[38];

---

*v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  According to the records of the clerk of this court, Mills' petition was first received in that office and tendered for filing on November 12, 2009. The petition was filed by the clerk of court on December 31, 2009, when petitioner paid his filing fee. Mills, however, dated the signature on the petition on November 3, 2009. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing and thus the date his petition is deemed filed.

[36]/See Fed. Rec. Doc. 5, Order Transferring Petition.

[37]/See Fed. Rec. Doc. 7, *In re Kenneth Mills*, No. 10-30151 (5th Cir. 05/19/10)(per curiam).

[38]/Mills challenged his counsel on appeal as ineffective based upon the state right to appeal and the Louisiana and U.S. Constitutions.

4) Petitioner's sentence is unconstitutionally excessive, cruel and unusual[39]; and,

5) Petitioner's sentence is unconstitutional in light of the enactment of La. R.S. 15:308.

The State filed a response to petitioner's habeas application on February 6, 2012, urging the court to deny relief on the grounds that petitioner's habeas is successive, some claims are unexhausted, the petition is untimely filed, and/or the claims are procedurally defaulted.[40] The State has not addressed the merits of the claims raised but instead has reserved the right to do so if the various defenses offered are rejected.

The facts of petitioner's crime were recited in the state appellate opinion, *State v. Mills*, 95-KA-3569 (La. App. 5th Cir. 11/15/95) and will not be repeated herein for they are irrelevant to the claims presented.[41] Petitioner's challenges in the instant habeas petition instead arise out of actions taken by the state courts with regard to reducing his sentence, re-instating his life sentence and in denying his attempts to obtain an out-of-time appeal.

## SUCCESSIVENESS

The State argues first that, although the U.S. Fifth Circuit Court of Appeals has "authorized" the petitioner to file this petition, the petition is nonetheless successive. The state claims that the Fifth Circuit found the petitioner to be "neither second or successive

---

[39]/Mills challenged the excessiveness of his sentence under both the U.S. and Louisiana Constitutions.

[40]/See Fed. Rec. Doc. 19.

[41]/See State Rec. vol. 6 for a copy of the appellate opinion.

10

pursuant to *Magwood v. Patterson*, __ U.S. __, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010)".[42]

The State asserts that the Fifth Circuit ruled this way because petitioner incorrectly claimed that he had been resentenced and had obtained a new judgment since the time he filed his prior federal habeas action. The State contends that Mills did not, in fact, obtain a new judgment as a result of being resentenced, thus *Magwood* is inapplicable and Mills' petition should be dismissed as successive.

This court must first note that the state is wrong as to its first asserted "fact", i.e., that the U.S. Fifth Circuit Court of Appeals has "authorized" the petitioner to file this petition. The Fifth Circuit did *not* specifically authorize petitioner to file a second or successive petition. Had the Court done so, it would be incumbent upon this court to independently determine whether Isaac's current federal habeas application satisfies the standard for filing a successive petition. *See Brown v. Lensing*, 171 F.3d 1031, 1032 (5th Cir. 1999)(5th Circuit's authorization for petitioner to file a successive petition is not dispositive; the district court is obligated by the statute to make its own determination that the statutory prerequisites are satisfied.) After the Fifth Circuit has granted an order under §2244(b)(3)(A), "the district court is to decide the §2244(b)(1) & (2) issues fresh, or in the legal vernacular, *de novo*." *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1358 (11th Cir. 2007), citing *In re Johnson*, 322 F.3d 881, 883 (5th Cir. 2003)(court of appeals grant of permission to file a

---

[42]/In *Magwood*, the Supreme Court found that a petitioner who had been resentenced since his first federal habeas was adjudicated in federal court, was allowed to proceed with his second federal habeas petition because an application challenging the resulting intervening new judgment was not "second or successive" at all. *Id.*, 130 S.Ct. at 2802.

second or successive petition is only tentative and the district court must dismiss the petition if it finds that the statutory requirements for filing one have not been met).  See also, *Tyler v. Cain*, 533 U.S. 656, 661 n.3, 121 S. Ct. 2478, 2481 n.3, 150 L.Ed.2d 632 (2001)(court of appeals may authorize such a [successive] filing only if it determines that the applicant makes a "prima facie showing" that the application satisfies the statutory standard. § 2244(b)(3)(C). But to survive dismissal in district court, the applicant must actually show that the claim satisfies the standard).

Instead, the Fifth Circuit determined that petitioner's motion for authorization to file a second or successive §2254 application was "unnecessary".  The court stated: "Because Mills intends to challenge events pertaining to his resentencing, which occurred after his prior federal habeas application was denied, his proposed federal habeas application is not a "second or successive"application."[43]

Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996), was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences.  *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). "This provision, by curtailing the availability of 'second or successive habeas corpus application(s),' seeks to prevent state prisoners from abusing the writ of habeas corpus." *Id.*, citing *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996).  The AEDPA, however, does not define what constitutes a "second or

---

[43]/*In re Kenneth Mills*, No. 10-30151 (5th Cir. 5/20/2010)(emphasis added).

12

successive" application. *In re Cain*, 137 F.3d at 235. "In determining what is a 'second or successive' motion under the statute, the circuits which have reviewed this question use the 'abuse of the writ' standard." *Reeves v. Little*, 120 F.3d 1136, 1138 (10th Cir. 1997),citing *In re Gasery*, 116 F.3d 1051 (5th Cir.1997); see also *Felker*, 518 U.S. at 664, 116 S.Ct. at 2340. Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition. See *McClesky v. Zant*, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Since the Fifth Circuit already determined that Mills' petition was not "second or successive",  there is no need to apply the gateway provisions of 28 U.S.C. §2244(b) to Mills' case.[44]

The state speculates that the reason the Fifth Circuit determined that Mills's recent habeas claims are not successive is because the Court applied *Magwood*. The state argues that *Magwood* is inapplicable, however, as Mills is not before the court challenging a

---

[44]/28 U.S.C. §2244(b) provides:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

conviction arising from a new judgment as a result of being resentenced. Although the state concedes that Mills was resentenced on March 28, 2003, the state argues that the state appellate court vacated that ruling, finding that the district court lacked authority to amend or modify Mills' sentence. Therefore, the state asserts, petitioner's conviction still arises from the same judgment of conviction and sentence that existed when he filed his earlier federal petition.

The first problem with the state's argument, however, is the Fifth Circuit never mentioned *Magwood* in its Order finding authorization to file unnecessary.  Additionally, the procedural history indicates that petitioner not only was resentenced on March 28, 2003 (a resentencing that, according to the state appellate court, had no legal effect) but also he had his sentence amended and/or corrected on November 9, 2007. At that time, the trial court held a hearing on petitioner's motion to correct illegal sentence[45] and "sentenced the Defendant to imprisonment at hard labor for a term of life in prison", with credit for time served and to be served without benefit of probation or suspension of sentence.[46]  The state district judge, in an attempt to correct a perceived illegality in petitioner's sentence,

---

[45]/See Minute Entry dated November 09, 2007 in State Rec. vol. 8. See also State Rec. vol. 10, Transcript dated November 9, 2007 at p. 9.

[46]/The state incorrectly states, in footnote 6 of its Response, Rec. Doc. 19, that "at the time of the offense, *January 2004*, Louisiana law required that the petitioner be sentenced to a mandatory life term without benefit of probation, parole or suspension of sentence." However, petitioner's offense took place in *1994*, and at that time, the law required a life sentence to be served without benefit of probation or suspension of sentence. Parole was not prohibited.  See LSA-R.S. 40:966 (B)(West 1994).

specifically resentenced him but omitted the prohibition for parole.[47] The district judge stated:

> I am going – I think you are correct in that there is an illegal sentence.  I am going to correct it which I think is all that I have the authority to do. I am going to now sentence him to life in prison without benefit of probation or a suspension of sentence.[48]

This "amendment" to petitioner's sentence was never appealed to a higher court and thus appears to be the sentence pursuant to which petitioner now is incarcerated. Therefore, even if *Magwood* were applied to petitioner's second federal habeas application, petitioner would likely prevail based upon the 2007 correction of his sentence.

In sum, the U.S. Fifth Circuit has already ruled that it was unnecessary for Mills to obtain authorization to file the instant habeas action and nothing in the record supports the state's position to the contrary.  Thus, it is recommended that the state's defense that Mills' federal habeas currently pending in this court is successive be rejected.

## GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[49] and applies to habeas

---

[47]/*But see* footnote 1, herein, discussing the conflict between the transcript and the minute entry with regard to whether petitioner was prohibited from getting parole during his February 1995 sentencing.

[48]/State Rec. vol. 10, Transcript dated November 9, 2007 at p. 9.

[49]/The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501,

petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2068, 138 L.Ed.2d 481 (1997)). The AEDPA therefore applies to Mills' petition, which is deemed filed in this federal court on November 3, 2009, the date Mills signed his federal petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The State raises defenses based upon timeliness, exhaustion and default and each will be addressed in turn.

<u>Timeliness</u>

The State argues that petitioner's federal petition is untimely before this court, pursuant to 28 U.S.C. §2244(d)(1). The state's argument, however, focuses only on the general one year statutory limitation provision set forth in Section 2244 (d)(1)(A), which requires a petitioner to bring his claims within the one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking review. *See* 28 U.S.C. § 2244(d)(1)(A) (West 2012). Applying this statutory provision, Mills' conviction became final, for federal limitations purposes, on

---

1505 (5th Cir. 1992).

16

October 7, 1996, when the U.S. Supreme Court denied his request for a writ of certiorari.[50]

*See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)(A decision becomes final by the "conclusion of direct review", which is when the Supreme Court either rejects the petition for certiorari or rules on its merits) .  *See also*, U.S. Sup. Ct. R. 13(1). Mills therefore would have had to file his federal petition by October 7, 1997[51] unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Moreover, a matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' " *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2132, 153 L.Ed.2d 260 (2002); *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000)(a matter is "pending" for Section 2244(d)(2) purposes until " 'further appellate review [is] unavailable under the particular state's procedures.' ")

Mills did file a post-conviction application in the state courts on January 14, 1997, thus allowing a lapse of the federal limitations period for a period of **97** days (between October 7, 1996 and January 14, 1997). Petitioner's limitations period was then tolled from

---

[50]/See *Mills v. Louisiana*, 519 U.S. 883, 117 S.Ct. 213, 136 L.Ed.2d 147 (1996).  The court notes that the State's response incorrectly indicates that petitioner did not file a writ of certiorari with the U.S. Supreme Court. Due to this error, the state's calculations regarding finality of the conviction are incorrect.

[51]/Mills did not file the instant federal petition until November 3, 2009.

January 14, 1997 until the application ceased to be pending on January 16, 1998, when the

Louisiana Supreme Court denied relief in Case 98-0837. His one year limitations period

expired, however, when he allowed a period of **478** days to run before he filed his second

state post-conviction application on May 11, 1999.  Although Mills did file a federal habeas

application on March 3, 1998, the time when that application was pending before the courts

does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120,

2129, 150 L.Ed.2d 251 (2001) (application for federal habeas review is not an "application

for State post-conviction or other collateral review," and does not toll the limitation of

§2244(d)(2) for any subsequent federal habeas applications). Accordingly, under the general

one year statutory provision set forth in Section 2244 (d)(1)(A), Mills' instant federal petition

would be untimely filed.

Not discussed by the state, however, is the applicability of Section 2244(d)(1)(D).[52]

That provision provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to a
> judgment of a State court. The limitation period shall run from
> the latest of –
>
> > (D) the date on which the factual predicate of the
> > claim or claims presented could have been
> > discovered through the exercise of due diligence.

Since petitioner Mills' claims involve different underlying facts depending on the

---

[52]/Section 2244(d)(1)(B) and (C) are clearly inapplicable here as there is no claim involving a newly recognized constitutional right nor a claim that a state impediment prevented Mills from filing his petition sooner.

claim alleged, the court uses the oldest of the dates involved, i.e., the date of Mills' November 9, 2007 resentencing, as Mills could not have presented any of his claims sooner than that date.[53] Applying Section 2244(d)(1)(D), Mills would have one year, or until November 9, 2008 to bring his federal habeas claims. Mills would also be entitled to toll this one year limitations period for any time that a properly filed state post-conviction or other collateral review was pending in the state courts. See 28 U.S.C. 2244(d)(1)(D)(2).

From November 9, 2007 until February 11, 2008, when Mills filed a PCR application, Mills had nothing pending in the state courts, thus a period of **92** days ran against the limitations period. Mills' PCR application remained pending from February 11, 2008 until August 12, 2009, when the Louisiana Supreme Court denied relief. Mills then allowing **81** days to pass before he filed the instant application for federal habeas relief on November 3, 2009. In sum, applying the provisions of Section 2244(d)(1)(D) so as to commence the running of the one year limitations period from the date Mills first learned of the factual predicate of the claims presented, a total of **173** days of the one year limitations would have expired. Under this analysis, petitioner's habeas petition would actually be timely before this court.

<u>Exhaustion</u>

---

[53]/For example, petitioner's current sentence, which he alleges is unconstitutionally excessive, was last pronounced and/or modified on November 9, 2007. His ineffective assistance claim arose when he learned his attorney had not appealed within thirty days of that date. If the challenge to his excessive sentence claim is timely, his claim of ineffective assistance (which occurred thirty days later) would necessarily also be timely.

The state argues that Mills' petition should be dismissed as unexhausted "as his claims do not present federal questions."[54] Specifically, the state contends that although Mills raised all the questions currently presented in his federal petition to the highest state court in Writ No. 08-KH-1267, he did not "squarely present" all of the issues in the state courts as federal questions. The state asserts that Mills' ineffective assistance of counsel claim and his excessive sentence claim are the only claims which were properly presented to the state courts because those claims were framed as federal questions before both the state courts and this federal court. The state's asserted defense combines, and thus confuses, the issue of exhaustion with the issue of whether each of petitioner's claims are cognizable before a federal habeas court. For the sake of clarity, the court addresses each concept separately.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's

---

[54]/Fed. Rec. Doc. 19, Response in Opposition to granting of Writ of Habeas Corpus, at p. 5 and pp. 11-13.

highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). This requirement is not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003), *citing Anderson v. Harless,* 459 U.S. 4, 6-7, 103 S.Ct. 276, 74 L.Ed. 3 (1982). See also, *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997); *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly  presented the substance of his claim to the state courts.") As the Supreme Court explained in *Picard*:

> The exhaustion-of-state- remedies doctrine . . . reflects a policy of federal-state comity . . . 'an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'  We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'

*Id*. at 275, 92 S.Ct. at 512 (citations and quotations omitted).

Review of writ application no. 2008-KH-1267, the writ application through which Mills presented his claims to the highest state court, reveals that petitioner first sought an out-of-time appeal and specifically requested that he be allowed to raise the following substantive issues:

> 1) Whether petitioner was denied his right to the effective assistance of counsel on appeal, in violation of the state right to appeal, and the 5th, 6th and 14th Amendments of the U.S. Constitution and the Louisiana Constitution, when counsel failed to file a notice of appeal;
>
> 2) Whether petitioner's sentence is excessive, cruel and unusual,

in violation of the 8th Amendment of the U.S. Constitution and
Art. I, Section 20 of the Louisiana Constitution; and,

3) Whether petitioner's sentence is unconstitutional in light of
the enactment of La.R.S. 15:308.

Confusingly, Mills also presented a section in his Louisiana Supreme Court writ application which he labeled, "Argument of Issue Two" (apparently referring back to the second issue he raised in the post-conviction application before the lower state court). Therein, Mills argued that Judge Chehardy, a judge with the Louisiana Fifth Circuit Court of Appeal at the time, should have recused herself from handling his 2008 state post-conviction application on the basis that she was married to the attorney who had represented Mills at trial.

In order to conduct a comparison of these claims to the claims raised in the instant federal petition, a reiteration of the claims raised before this court is necessary. These claims are:

1) The state courts erred when they failed to grant petitioner's post-conviction
relief application requesting an out of time appeal;

2) Judge Chehardy should have recused herself from ruling on petitioner's writ
application;

3) Petitioner was denied the right to the effective assistance of counsel on appeal, in
violation of the state right to appeal, and the 5th, 6th and 14th Amendments of the U.S.
Constitution and the Louisiana Constitution;

4) Petitioner's sentence is unconstitutionally excessive, cruel and unusual, in violation
of the Eighth Amendment of the U.S. Constitution and Article I, Section 20 of the
Louisiana Constitution; and,

5) Petitioner's sentence is unconstitutional (i.e., a violation of state law and U.S.

Constitutional rights of due process and equal protection) in light of the enactment of La.R.S. 15:308.

As to the first claim raised in this court, i.e., that Mills was wrongly denied the right to an out-of-time appeal by the lower state courts, Mills did raise this issue before the Louisiana Supreme Court in writ no. 08-KH-1267, albeit he did not identify the claim by number.  Specifically, Mills argued that he was entitled to an out-of-time appeal so that he could bring his other substantive claims. Although this issue was not framed as a "constitutional" claim, the facts and legal theory supporting petitioner's claim before the Louisiana Supreme Court and this court are essentially the same.  Thus, this court finds Mills' first claim to be exhausted.

As to the second claim raised in the instant federal petition, i.e., that the state appellate judge should have recused herself, the court finds this claim was raised before the Louisiana Supreme Court and thus is considered exhausted.

As to the third claim that Mills was denied the right to counsel on appeal, this claim is essentially identical to claim 1 raised in Mills' Louisiana Supreme Court writ application no. 2008-KH-1267 and is also considered exhausted.

Similarly,  claims four (excessive sentence) and five (unconstitutionality of sentence in light of La.R.S. 15:308) in the instant petition are identical to claims 2 and 3 as those claims were raised to the Louisiana Supreme Court in writ application no. 2008-KH-1267.  Claim four was specifically argued before the Louisiana state courts as a violation of federal constitutional law as well as state law.  As such, claim four is exhausted.

Claim five, however, was only argued before the state courts as generally being "unconstitutional" with only state law being cited in support of the claim.  Before this court, however, Mills raises claim five not only as a violation of state law but also as a violation of federal constitutional law, specifically challenging his sentencing under federal due process and equal protection.  *Anderson* makes clear that a petitioner fails to fairly present a claim to the state courts for purposes of exhaustion if he presents new legal theories or factual claims in his federal habeas petition. See *Anderson*, 338 F.3d at 386.  Petitioner's fifth claim is, therefore, unexhausted.  However, it would serve no purpose to dismiss Mills' petition without prejudice so that he may exhaust the claim in the state courts because it is too late to bring the claim in the state courts, in accordance with La. Code Crim. P. art. 930.8. Thus, the claim is exhausted through procedural default. See *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998), citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991)(claims are "technically" exhausted when petitioner allowed his state law remedies to lapse without presenting his claims to the state courts. In such a case, there is no substantial difference between nonexhaustion and procedural default). See also, *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), citing *Coleman*, 501 U.S. at 735 n. 1, 111 S.Ct. at 2557 n.1("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... [then] there is a procedural default for purposes of federal habeas...."; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998)(exhaustion requirement is satisfied if such claims are procedurally barred under state

24

law).

<u>Cognizable Claims</u>

The next question to be addressed is whether each of petitioner's federal habeas claims are cognizable on federal habeas review.  The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' " *Swarthout  v.  Cooke*, – U.S. –, –, 131 S.Ct. 859, 861, 178  L.Ed.2d  732 ( 2011), citing *Wilson v. Corcoran*, 562 U.S. –, –, 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). As the Supreme Court has explained in *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475,  116 L.Ed.2d 385 (1991):

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975) (per curiam) (footnote omitted).

*Accord*, *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir 2007). See also, *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983)("We have repeatedly admonished that we do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law.")(quoting *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir.1981)). The Supreme Court

has "repeatedly held that a state court's interpretation of state law. . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) (citing *McGuire*, 502 U.S. at 67–68, 112 S.Ct. 475; *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)).

Applying these principles, it is clear that some of the claims which petitioner seeks to have addressed in this court are outside of the scope of federal habeas review. In claim one, petitioner complains about the application of state law with regard to his request for and the state court's subsequent denial of an out-of-time appeal. Yet there is no federal statutory or constitutional right to an out-of-time appeal. Questions concerning whether, when and under what circumstances a criminal defendant may pursue an untimely appeal and post-conviction motions are purely matters of state law that will not suffice to support federal habeas relief. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). In Louisiana, consideration of a request for an out-of-time appeal is made through the state post-conviction process. See *State v. Counterman*, 475 So.2d 336, 339 (La. 1985) ("... the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for post conviction relief pursuant to Articles 924–930.7."). Thus the granting of an out-of-time appeal is a matter of state procedural law, not federal constitutional law. This federal court is not empowered to grant habeas corpus relief pursuant to state law.

Moreover, the United States Supreme Court has held that the States have no constitutional obligation to provide post-conviction relief. *Lackawanna County Dist. Atty.*

26

*v. Coss*, 532 U.S. 394, 402-03, 121 S. Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). As a result, any claims concerning alleged errors in state post-conviction proceedings are not cognizable in federal habeas corpus proceedings. Accord, *Nicholas v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); see also *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). Claim one is, therefore, denied as beyond the scope of federal habeas review.

With regard to petitioner's second claim, that the state appellate judge, who sat on the panel of judges who reviewed his post-conviction application,[55] should have recused herself as she was married to his former trial lawyer,[56] petitioner once again argues a state law issue. Specifically, Mills argues that, under the dictates of La. Code Crim. P. art. 671(A)(2), recusal was required in a criminal case "where the judge [was] the spouse of the accused, of the party injured, of an attorney employed in the cause, or of the district attorney..."

"[A] violation of a state or federal statute for the failure to recuse a trial judge because certain circumstances may give rise to an appearance of bias on the part of the judge does not necessarily constitute a due process violation. *Richardson v. Quarterman*, 537 F.3d 466, 474 n.4 (5th Cir. 2008). As the *Richardson* court explained:

> Under the Due Process Clause, a criminal defendant is guaranteed the right to a fair and impartial tribunal. *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997). The Due Process Clause "establishes a constitutional floor, not a uniform standard." *Id*. This floor requires a fair trial,

---

[55]/Mills is referring to Louisiana Court of Appeal, Fifth Circuit writ no. 08-KH-244, wherein the court found petitioner's claims time-barred. See State Rec. vol. 10.

[56]/Mills' trial lawyer was Bruce Netterville, who was once married to Judge Susan Chehardy, one of two judges who voted to deny Mills' writ application.

"before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Id.* (citation omitted).

However, "bias by an adjudicator is not lightly established." *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1052 (5th Cir.1997). Courts ordinarily "presume that public officials have properly discharged their official duties." *Bracy v. Gramley*, 117 S.Ct. at 1799 (internal quotation marks and citations omitted). General allegations of bias or prejudice are insufficient to establish a constitutional violation. See *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 106 S.Ct. 1580, 1585, 89 L.Ed.2d 823 (1986) (holding that general allegations of a judge's frustration with insurance companies are not sufficient to force recusal under the Due Process Clause from a case in which an insurance company was a party). The Supreme Court has stated that "most matters relating to judicial disqualification [do] not rise to a constitutional level." *Id.* at 1584 (quoting *FTC v. Cement Inst.*, 333 U.S. 683, 68 S.Ct. 793, 804, 92 L.Ed. 1010 (1948)). So even if a judge is disqualified under state or federal law, the disqualification is not always required by the Due Process Clause. See *id.* at 1585.

In this case, the record contains no motion to recuse Judge Chehardy from ruling on petitioner's post-conviction application nor is there any evidence to suggest that the judge was aware of any potential conflict she may have had in petitioner's case. Mills failed to raise a due process challenge to the judge's alleged impartiality in the state courts nor has he even attempted to raise one before this court. Mills does not provide this court with the requisite details of judicial bias to implicate a federal constitutional right. As such, his issue is also not cognizable on federal habeas review.[57]

Mills' third and fourth claims are presented to this court, at least in part, as federal

---

[57]/Additionally, as will be discussed further herein, petitioner's judicial recusal claim is barred from this court's consideration on other grounds.

constitutional challenges. To the extent Mills argues these two claims as issues arising under the Louisiana Constitution or state law, they are not cognizable before this court. However, insofar as claims three and four (ineffective assistance of counsel and excessive sentence) are presented as federal constitutional claims, the claims are subject to review. With regard to claim five, as this court has previously noted, that claim (that Mills' sentence is unconstitutional in light of the enactment of LSA-R.S.15:308) contains an unexhausted federal constitutional claim which has been procedurally defaulted.

<u>Procedural default</u>

The state also urges that all of petitioner's claims are procedurally defaulted, thus barring federal habeas review. The state points to the fact that all of petitioner's claims were barred by the state courts as being untimely filed pursuant to La. Code Crim. P. art. 930.8. The record shows that petitioner presented the state courts with the claims he presents to this court in his post-conviction writ application first filed with the trial court in February 2008. He subsequently appealed the trial court's adverse decision in writ no. 08-KH-244, filed with the Louisiana Court of Appeal, Fifth Circuit.[58] The Louisiana Fifth Circuit denied the application, agreeing with the trial court that petitioner's post-conviction application was untimely filed under state law, specifically La. Code Crim. P. art. 930.8.[59] This was the last reasoned decision on the issue by a state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct.

---

[58]/Of course, petitioner's claim that Judge Chehardy should have recuse herself from sitting on the panel to hear his post-conviction application, writ no. 08-KH-244, was not raised until he appealed the appellate court's ruling to the Louisiana Supreme Court.

[59]/See State Rec. vol. 10, ruling of the Louisiana Fifth Circuit dated May 5, 2008.

2590, 115 L.Ed.2d 706 (1991). For the following reasons, the claims raised are procedurally barred and may not be addressed by this court.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. "Where the last reasoned state court opinion on a federal claim explicitly imposes a procedural default, there is a presumption that a later decision rejecting the same claim without opinion did not disregard the procedural bar and consider the merits." *Lott v. Hargett*, 80 F.3d 161, 164 (5th Cir. 1996), citing *Ylst*, 501 U.S. at 803, 111 S.Ct. at 2594-95. Here, the last reasoned decision of the Louisiana Fifth Circuit relied on La. Code Cr. P. art. 930.8 to dismiss Mills' claims. In his subsequent request for review of that decision to the Louisiana Supreme Court, that court

likewise denied the claims, presumptively resting on the Fifth Circuit's decision below.

A.    Independent and Adequate

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902.

La. Code Crim. P. art. 930.8 is clearly an independent state law procedural ground for denying review of an improperly raised post-conviction claim. *Glover*, 128 F.3d 900, 902; *Walker v. Washington*, 2011 WL 5119110 (E.D. La. September 11, 2011) ("The United States Fifth Circuit Court of Appeals held in *Glover* that denial of relief premised on the untimeliness of a claim under Article 930.8 'is sufficient to fulfill the independence requirement' of the procedural default doctrine). This state procedural bar is presumptively adequate when the state court expressly and regularly relies on it in deciding not to review a claim for collateral relief. *Glover*, 128 F.3d at 902. This is true in Mills' case as well.

The state court in this case expressly ruled that Mills was not entitled to relief on his claims, because it was untimely filed. Therefore, the bar imposed by La. Code Crim. P. art. 930.8 is both independent and adequate to bar review of the merits of Mills' claims.

B.    Cause and Prejudice

A federal habeas petitioner may be excepted from the procedural default rule only if

he can show "cause" for his default and "prejudice attributed thereto," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover*, 128 F.3d at 902 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262; *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.*, at 486.

In this case, Mills filed a "Traversal to State's Response," in which he argues that he should be excused from his procedural default. Mills contends that, "[T]he state courts erroneously applied the provisions of [La. Code Crim. P. art.] 930.8" to his case. He suggests that this court follow the reasoning of the sole dissenting judge in his state appellate post-conviction review proceedings and find that La. Code Crim. P. art. 930.8 should not be applied to him.[60] Mills is referring to the dissent filed by Judge Guidry, Louisiana Court of Appeal, Fifth Circuit, in Writ No. 08-KH-244.[61] In his dissent, Judge Guidry relied upon *State v. Counterman*, 475 So.2d 336, 340 (La. 1985) in determining that Mills should be

---

[60]/Fed. Rec. Doc. 20 at p. 6, "Traverse".

[61]/See State Rec. vol. 10 for a copy of this decision and Judge Guidry's dissent.

allowed to bring an out-of-time appeal in state court as his lawyer failed to file or perfect a timely appeal. However, this was the opinion of the dissenting judge and the holding that carried the weight of the court was that petitioner was time-barred from seeking an out-of-time appeal.[62]

"A basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Smith v. Johnson*, 216 F.3d 521 (5th Cir. 2000), citing *Barnes v. Thompson*, 58 F.3d 971 (4th Cir.1995). In such a circumstance, "[t]he federal court may only inquire into whether cause and prejudice exist to excuse that default, not into whether the state court properly applied its own law". *Barnes,* 58 F.3d at 974. Additionally, an inquiry for "cause" should not be confused with an inquiry into the default determination. *Id.* Thus, absent a showing of either cause and prejudice or a fundamental miscarriage of justice, the state court's finding of procedural bar is conclusive. *Smith*, 216 F.3d at 523. *See also, Rowell v. Dretke,* 398 F.3d 370, 375 (5th Cir. 2005)( "[i]t is not the role of the federal habeas court to reexamine state-court determinations of state-law questions."); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir.2000) (holding that the district court erred in concluding that the state court improperly applied its procedural rules). Accord, *Walker v. Warden Louisiana State Penitentiary*, 19 F.3d 15, 1994 WL 93289, at *1 (5th Cir.1994) (unpublished) (per curiam)

---

[62]/The Louisiana Fifth Circuit stated: "On the showing made, the trial court correctly denied relator's post conviction relief application as untimely, pursuant to La.Code Crim. P. art. 930.8. Accordingly, relator's writ application is denied." See State Rec. vol. 10, ruling of the Louisiana Fifth Circuit dated May 5, 2008.

(holding that it would be improper for a federal habeas court to second-guess the state court's compliance with its procedural rules). Based on this jurisprudence, Mills' contention that the state courts erroneously applied a state procedural bar to his case does not excuse his procedural default.

Alternatively, Mills argues that he should be entitled to "equitable tolling" based upon the fact that his lawyer failed to timely appeal his November 9, 2007 re sentencing. Equitable tolling, however, is not applicable to the doctrine of procedural default. A federal habeas court considers "equitable tolling" when there are extraordinary circumstances which warrant extending the federal time limitations deadline set forth in 28 U.S.C. §2244(d)(1). *See Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)(The AEDPA's statute of limitations is subject to equitable tolling and is not "jurisdictional").[63]

The doctrine of procedural default, on the other hand, "ensures that federal courts give proper respect to state procedural rules". *Glover*, 128 F.3d at 902, citing *Coleman*, 501 U.S. 750-51, 111 S.Ct. at 2564-66.  The requirement that a federal court honor an independent and adequate state ground for a decision is grounded in concerns of comity and federalism. "Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by

---

[63]/A petitioner is entitled to equitable tolling of the limitations period only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S.Ct. at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").

independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws. *Coleman*, 501 U.S. at 730-31, 111 S.Ct. at 2554-55. Petitioner's contention that equitable tolling should be applied to bar his default, therefore, is rejected as inapposite.

Mills' traverse, liberally viewed, may raise one final challenge to the application of a procedural bar. Mills traverse may arguably be construed to claim that his attorney's failure to appeal his resentencing in a timely fashion was ineffective assistance of counsel sufficient to constitute "cause" for his procedural default. But for this lapse in his attorney's representation, *arguendo*, Mills would not have had to seek an out-of-time appeal and would therefore not have been subject to the limitations of La. Code Crim. P. art. 930.8.

The problem with an assertion that ineffective assistance constitutes "cause" for Mills' procedural default, however, is that the same ineffective assistance claim is itself one of the substantive issues which petitioner is procedurally barred from raising. The state courts were thus deprived of the opportunity to fully develop the claim. As a result, the record does not contain the factual circumstances as to why defense counsel failed to appeal the November resentencing. Under such circumstances, "it can hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000)(citations omitted). In *Edwards*, the U.S. Supreme Court stated:

> Although we have not identified with precision exactly what constitutes "cause" to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the

claim for review in state court will suffice. *Carrier*, 477 U.S. at 488–489, 106 S.Ct. 2639. Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution. *Ibid.* In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And we held in *Carrier* that the principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require that constitutional claim, like others, to be first raised in state court. "[A] claim of ineffective assistance," we said, generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Carrier*, supra, at 489, 106 S.Ct. 2639.

*Id.* at 451-452.

The Court then went on to address the question of whether a federal habeas court is barred from considering a claim of ineffective assistance of counsel as "cause" for the procedural default of another claim when the ineffective assistance claim itself has been procedurally defaulted. The *Edwards* Court held that, in such an event, the claim of ineffective assistance being used to establish "cause" would also be procedurally barred since the claim had not been "presented" to the state courts in the manner that state law required. *Id.* Thus the Court ruled that the procedurally defaulted ineffective assistance claim being offered for "cause" could only be excused if the prisoner could satisfy the "cause-and-prejudice" standard with respect to *that* claim.   In this instance, Mills offers nothing more to satisfy the "cause and prejudice" standard and is thus procedurally barred from habeas review.

Alternatively, even if the court were to entertain Mills' ineffective assistance claim as a reason he should be excused from procedural default, Mills cannot meet his burden of

establishing that his attorney's failure to appeal his resentencing was constitutionally ineffective assistance sufficient to establish "cause". The standard for judging performance of counsel was established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. *Strickland*, 466 U.S. at 697. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *Kimler*, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' But it is not enough, under *Strickland*, ' that the errors had some conceivable effect on the outcome of the proceeding.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. ), *cert. denied*, 513 U.S. 960 (quoting *Strickland*, 466 U.S. at 693).

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively

reasonable professional assistance." *Strickland*, 466 U.S. at 689-90.

On habeas review, the United States Supreme Court has recently clarified that, under *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, – U.S.– , 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011). Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.*

"A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S.685, 702, 122 S.Ct.1843, 1854, 152 L.Ed.2d 914 (citing *Strickland*, 466 U.S. at 689). This court must apply the "strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690. Federal courts have consistently recognized that tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance. *Lamb v. Johnson*, 179 F.3d 352, 358 (5th Cir.), *cert. denied*, 528 U.S. 1013, 120 S.Ct. 522, 145 L.Ed.2d 401(1999) (citing *Rector v. Johnson*, 120 F.3d 551, 564 (5th Cir. 1997) and *Mann v. Scott*, 41 F.3d 968, 983-84 (5th Cir. 1994)).

To understand Mills' argument, a review of the circumstances surrounding the

38

complained of November 9, 2007 resentencing to correct an illegal sentence is required. The record shows that Mills' attorney had filed a motion to correct illegal sentence in the state court arguing that Mills' suffered from an indeterminate sentence because he was incorrectly sentenced under La. R.S. 40:966A by excluding the availability of parole. Counsel argued that Mills' indeterminate, illegal sentence prevented him from obtaining relief from the Louisiana Risk Review Panel as that Panel could only act upon a determinate sentence. In a hearing before state district judge, Joellen Grant, Judge Grant agreed with Mills' contention that his sentence was illegal due to parole eligibility being omitted. As a result, she corrected the illegality, i.e., allowed for parole eligibility. But when defense counsel next argued that the judge also had the authority to correct the term of years given to Mills, the judge disagreed. Under binding state law, Mills was required to seek a reduction in the term of years only from the Louisiana Risk Review Panel.[64]  Thus Mills' motion to correct illegal sentence was granted in part and denied in part. At the conclusion of the hearing, Mills' retained counsel made an oral motion for appeal (to appeal the adverse portion of the ruling) and was given thirty days to file a Notice of Intent to Appeal. Mills asserts that counsel subsequently sent a letter to him advising that he had contacted another attorney about the status of Mills' case, that the attorney was reviewing the file and was cognizant of the filing deadlines. Mills claims that both attorneys let the deadlines pass, however, and neither

---

[64]/At oral argument, Mills' counsel also attempted to argue that, since Mills was given an illegal sentence, the judge could sentence him anew, applying the new sentencing provisions set forth in La. R.S. 15:308. The state district judge also rejected this argument.

appealed his resentencing.

Since Mills defaulted his ineffective assistance of counsel claim, the record is devoid of any evidence regarding the reasons his attorney failed to take an appeal. Such a decision could have been based upon strategy, perceived futility or even inadvertence. However, indulging in the " 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance", as required by *Strickland*, the court finds counsel's failure to appeal the 2007 resentencing insufficient to establish professional deficient conduct. Under state law, a ruling denying a motion to correct an illegal sentence is not reviewable under state appellate jurisdiction. See *State v. Lee*, – So.3d – , 2012 WL 3101784 (La. App. 5th Cir. 2012), citing La. Code Crim. P. art. 912; *State v. Hutchinson*, 764 So.2d 1139 (La. App. 4th Cir. 2000); *and, State v. Benoit*, 446 So.2d 921 (La. App. 1 Cir. 1984), *writ denied*, 448 So.2d 113 (La. 1984). "The denial of a motion to correct an illegal sentence is not an appealable judgment; the avenue of review thereof is by way of a writ application." *Id.*, citing *Hutchinson, supra*. Moreover, after appeal delays have expired, Mills no longer was entitled to an appeal of his conviction and sentence *of right*. Instead, under Louisiana established law, his remedy was to file an application for post-conviction relief requesting an out-of-time appeal pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). *Id.* This is, in fact, what petitioner Mills did. His attorney's failure to take an appeal when no appeal was available, therefore, cannot be deemed deficient conduct under *Strickland.* Thus Mills cannot establish that counsel's failure to appeal his November 9, 2007 resentencing excuses the procedural default of his claims. "The failure to show 'cause' is fatal to the invocation

40

of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43). Mills claims are therefore procedurally barred from review by this federal habeas corpus court.[65]

C.      Fundamental Miscarriage of Justice

Mills may avoid this procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed. *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992)). To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627 (1986); accord *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397(1986); *Glover*, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tx. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.")

----

[65]/Mills' attorney may, in fact, have strategically elected to pursue other avenues for relief on Mills' behalf. As will be explained, Mills' attorney continued to represent him and other similarly situated prisoners by filing a petition for mandamus seeking to compel action on a class of prisoner's petitions filed with the Central Louisiana Risk Review Panel.

Mills makes no real argument that a fundamental miscarriage of justice will occur if his claims are not reviewed by this court. He also does not challenge his factual innocence of the crime charged. His argument, however, if liberally construed, would instead be that he was actually innocent of the penalty imposed; ie., his life sentence. The Supreme Court has extended the actual innocence exception for the cause-and-prejudice test to the context of capital sentencing[66] but never to non-capital sentences. But even if the court were to assume, *arguendo*, that such an argument could be entertained, Mills cannot establish that he was actually innocent of the sentence imposed. "In order to be actually innocent of a non-capital sentence, the petitioner must show that 'but for the constitutional error he would not have been legally eligible for the sentence he received.' " *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995), citing *Smith v. Collins*, 977 F.2d 951, 959 (5th Cir.1992).[67] Mills cannot meet this burden.

The general rule in Louisiana is that the law in effect at the time of the commission of the offense is determinative of the penalty which the accused must suffer so that a defendant must be sentenced according to the sentencing provisions in effect at the time of the commission of the offense. *State v. Dick*, 951 So.2d 124 (La. 2007). The law at the time of petitioner's offense was that a conviction under La. R.S. 40:966A, intentional possession of heroin with intent to distribute, carried a penalty of life imprisonment. Furthermore, despite

---

[66]/See *Sawyer v. Whitley*, 505 U.S. 333,112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

[67]/The U.S. Fifth Circuit assumed, without deciding, that the exception extends to non-capital sentences in *Sones*, 61 F.3d at 413 and, *Smith*, 977 F.2d at 959.

the enactment of the ameliorative provisions of La. R.S. 15:308, the Louisiana Supreme

Court has ruled that previously sentenced offenders must seek a sentencing remedy from the

Louisiana Risk Review Panel rather than from the courts.[68] It is noteworthy that when

petitioner sought such review, he was denied relief not on the basis of his sentence being

indeterminate or due to a lack of parole eligibility *but instead because Mills is a fourth felony

offender*.[69]  In fact, Mills and forty other inmates subsequently filed a petition for mandamus

against the Governor of Louisiana, the Central Louisiana Risk Review Board (CLRRB), the

Louisiana Department of Corrections and others, seeking to compel action on their petitions

for relief filed pursuant to La. R.S. 15:308 with the CLRRB. The prisoners argued that they

should not be excluded from applying to the CLRRB on the basis that they are members of

a class of persons excluded from such review by a separate statutory provision, LSA-R.S.

15:574.22(G).[70] The Louisiana Supreme Court, however, denied relief, finding that Mills and

others were not "such persons" to whom the provisions of LSA-R.S. 15:308 even applied.

---

[68]/*State v. Dick*, 951 So.2d at 14 (the legislature did not intend, nor does LSA-R.S.15:308 provide, that [ ] offenders may seek resentencing in the courts) .

[69]/See April 28, 2006 letter from the Central Louisiana Risk Review Panel, in State Rec. vol. 10.

[70]/La. R.S. 15:574.22(G) lists specific offenses for which persons convicted of certain enumerated crimes "shall not be eligible for review by the Risk Review Panel." Included in the listing are persons convicted of a crime of violence as defined or enumerated in La. R.S. 14:2(B), persons convicted of a sex offense defined in La. R.S. 15:540 *et seq.* when the victim is under eighteen, persons convicted of certain violations of the Uniform Controlled Dangerous Substances Law, and persons sentenced as a habitual offender under La. R.S. 15:529.1, wherein one or more of the predicate offenses is a crime of violence as defined or enumerated in La. R.S. 14:2. Mills was specifically rejected for relief by the CLRRB on the basis of his fourth felony offender status.

See *Dick v. Jindal*, – So.2d – , 2010 WL 1170655 (La. App. 3rd Cir. 3/26/10)(unpublished decision); *writ denied*, 38 So.3d 345 (La. 6/25/10). Thus, even if this court were to address petitioner's defaulted claims, Mills cannot show that he would be entitled to have the ameliorative provisions of LSA-R.S. 15:308 applied to him, which is the relief that he seeks. Mills cannot establish that he is actually innocent of the sentence imposed upon him as he cannot establish by clear and convincing evidence that, but for constitutional error, he would not have been legally eligible for the sentence he received. *Sones*, 61 F.3d at 418. Accordingly, Mills is procedurally barred from federal habeas review.

<u>RECOMMENDATION</u>

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the instant petition for federal *habeas corpus* relief filed by Richard Mills be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [71]

---

[71]/*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

New Orleans, Louisiana, this 20th day of _____June_____, 2013.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE